IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.   3:21-MJ-249 (TWD) |
| | ) | |
| v. | ) | **STIPULATION AND ORDER** |
| | ) | **FOR CONTINUANCE** |
| **RANDOLPH BULLOCK** | ) | |
| | ) | |
| | ) | |
| **Defendant(s).** | ) | |

The United States of America, by and through its counsel of record, the Acting United States Attorney for the Northern District of New York, ANTOINETTE T. BACON, Kristen L. Grabowski appearing, and the defendant, RANDOLPH BULLOCK, by and through counsel, George Hildebrandt, Esq., hereby agree and stipulate that the time within which an indictment must be filed under Title 18, United States Code, Section 3161(b), be enlarged to and including ninety (90) days from the date of the signing of this stipulation and Order, and that such time be excluded, pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b). The chronology of this case is as follows:

   a)   Date of complaint:  April 28, 2021

   b)   Date of initial appearance:  April 28, 2021

   c)   Defendant custody status: REMANDED

   d)   Date United States moved for detention:  April 28, 2021

   e)   Date of detention hearing:  Not Yet Held

   f)   Date detention decision issued:  Not Applicable

   g)   Earlier enlargements of time and exclusions under the Speedy Trial Act:

      i)   None.

2) RANDOLPH BULLOCK has requested the continuance based on the COVID-19 pandemic and on the below facts and circumstances, including that the defendant is asking for further time to review evidence to determine whether a pre-indictment resolution is appropriate and to prepare for such resolution.

3) The parties stipulate and agree that the ends of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy indictment and trial because the continuance is necessary for the following reasons:

### COVID-19 Pandemic

4) On March 13, 2020, the Court issued General Order No. 58, In Re: Coronavirus Public Emergency, revised on April 29, May 13, June 12, August 6, October 8, and December 4, 2020, as and again on February 24, and March 3, 2021, continuing criminal (grand and petit) jury selections and jury trials scheduled to commence through May 15, 2021, because of (a) the New York Governor's declaration of a public-health emergency in response to the spread of COVID-19, and (b) the Centers for Disease Control's advice regarding reducing the possibility of exposure to the virus and slowing the spread of the disease. Pandemic, like natural disaster or other emergency, grants this Court the discretion to order an ends-of-justice continuance. *See United States v. Correa*, 182 F. Supp. 2d 326, 329 (S.D.N.Y. 2001) (applying this requirement after the September 11, 2001 attacks and noting that "there is authority for granting [discretionary interests-of-justice exclusions] in the case of public emergency caused by a natural catastrophe"). Moreover, due to the restrictions imposed by current public-health concerns, denial of a continuance is likely to deny government counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(7)(B)(iv). Furthermore, grand jury preparation necessarily involves close contact with witnesses, and close contact between assembled grand jurors, which is inconsistent with advice from the Centers for Disease Control and may be hazardous to the health of grand jurors,

government counsel, agents and other lay witnesses. In addition, concerns for the health of current and prospective grand jurors and the ability of the Court to obtain—and maintain—an adequate number of grand jurors, as well as the lack of an opportunity for government counsel to prepare effectively, make an ends-of-justice delay particularly appropriate here because:

    a)    Presentation of this matter to a grand jury may involve the use of witnesses who must travel, putting themselves and others at risk of infection with the coronavirus. Specifically, if necessary, for grand jury, some of the investigators and agents involved in this arrest would have to travel from different law enforcement offices throughout the state, some of which are over an hour away. Further, grand jury presentation of this matter may involve witnesses from different law enforcement agencies, which would potentially subject larger groups of agents/investigators to potential infection.

5)    For all of these reasons, an exclusion under 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv) is appropriate.

### Reasons Unrelated to the COVID-19 Pandemic

6)    The defendant is asking for a reasonable amount of time to allow for effective preparation, taking into account the exercise of due diligence. Many digital devices were secured as part of this case and have been analyzed. The analysis of many other items/devices is pending. The defendant needs time to review analysis and other voluntary discovery, await new results and determine whether pre-indictment resolution is appropriate in this case and, if so, time to effectively prepare for such resolution. See 18 U.S.C. § 3161(h)(7)(B)(iv). In light of these facts, the parties stipulate and agree that the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy indictment and trial as it will allow effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(A) and (B)(iv).

7) The parties stipulate and agree that a period of ninety (90) days beginning on and including the date on which the Court signs the requested order shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv).

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: May 3, 2021  ANTOINETTE T. BACON
Acting United States Attorney

By: */s/ Kristen L. Grabowski*
Kristen L. Grabowski
Assistant United States Attorney
Bar Roll No. 700658

*George F. Hildebrandt*
George Hildebrandt, Esq.
Attorney for RANDOLPH BULLOCK
Bar Roll No. 505664

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No. 3:21-MJ-249 (TWD) |
| | ) | |
| **v.** | ) | |
| | ) | |
| **RANDOLPH BULLOCK** | ) | |
| | ) | |
| | ) | |
| **Defendant(s).** | ) | |

ORDER

A.  The Court incorporates into this Order the stipulated facts set forth above and hereby adopts them as findings.

B.  The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether a continuance serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights. The Court finds that pursuant to 18 U.S.C. §§ 3161(b) and (h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendants in a speedy indictment and trial because:

1.  This delay is necessary for the reasons articulated in General Order No. 58, In Re: Coronavirus Public Emergency; denial would be likely to deny the United States reasonable time necessary for effective preparation for the return and filing of an indictment, taking into account the exercise of due diligence, 18 U.S.C. 3161(h)(7)(B)(iv); grand jury preparation necessarily involves close contact with witnesses, which is inconsistent with advice from the Centers for Disease Control and may be hazardous to the health of grand jurors, government counsel, agents and other lay witnesses; and the presentation of this matter to the grand jury involves witnesses who must travel, putting themselves and others at risk of infection with the coronavirus.

2.  This delay is also necessary in order to allow counsel for the defendant time to review previous conducted analysis and other voluntary discovery, await new results and determine whether

pre-indictment resolution is appropriate in this case and, if so, time to effectively prepare for such resolution. The failure to grant the continuance would "deny counsel for the defendant … the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. §3161(h)(7)(B)(iv).

BASED ON THE STIPULATED FACTS AND THE COURT'S RELATED FINDINGS IT IS HEREBY ORDERED:

3. That the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), be enlarged to and including ninety (90) days from the date of this Order, and that time be excluded pursuant to Title 18, United States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), because of the reasons articulated in General Order No. 58, In Re: Coronavirus Public Emergency; denial would be likely to deny all counsel all reasonable time necessary for effective preparation, taking into account the exercise of due diligence, 18 U.S.C. § 3161(h)(7)(B)(iv); the presentation of this matter to the grand jury involves close contact with witnesses, which is inconsistent with advice from the Centers for Disease Control and may be hazardous to the health of grand jurors, prosecutors, agents, and other lay witnesses; the presentation of this matter to the grand jury involves witnesses who must travel, putting themselves and others at risk of infection with the coronavirus; and the defendant needs this time to review previous conducted analysis and other voluntary discovery, await new results and determine whether pre-indictment resolution is appropriate in this case and, if so, time to effectively prepare for such resolution.

Failure to grant the continuance would deny counsel for the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

IT IS SO ORDERED.

Dated and entered this _____ day of May, 2021.

                                                                       Hon. Thérèse Wiley Dancks
                                                                       United States Magistrate Judge