IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.     3:21-MJ-249 (TWD) |
| | ) | |
| **v.** | ) | **STIPULATION AND ORDER** |
| | ) | **FOR CONTINUANCE** |
| **RANDOLPH BULLOCK** | ) | |
| | ) | |
| | ) | |
| **Defendant(s).** | ) | |

The United States of America, by and through its counsel of record, the United States Attorney

for the Northern District of New York, CARLA B. FREEDMAN, Kristen L. Grabowski appearing,

and the defendant, RANDOLPH BULLOCK, by and through counsel, George Hildebrandt, Esq.,

hereby agree and stipulate that the time within which an indictment must be filed under Title 18,

United States Code, Section 3161(b), be enlarged to and including sixty (60) days from the date of

the signing of this stipulation and Order, and that such time be excluded, pursuant to Title 18, United

States Code, Section 3161(h)(7)(A), from the computation of the time within which an indictment

must be filed under the provisions of Title 18, United States Code, Section 3161(b).  The chronology

of this case is as follows:

a)      Date of complaint:  April 28, 2021

b)      Date of initial appearance:  April 28, 2021

c)      Defendant custody status: REMANDED

d)      Date United States moved for detention:  April 28, 2021

e)      Date of detention hearing:  May 6, 2021

f)      Date detention decision issued:  May 6, 2021

g)      Earlier enlargements of time and exclusions under the Speedy Trial Act:

i)      Order dated May 5, 2021 excluding the period between May 5, 2021 through

and including August 3, 2021.

    ii)  Order dated July 30, 2021 excluding the period between July 30, 2021 through and including October 28, 2021.

    iii)  Order dated October 27, 2021 excluding the period between October 27, 2021 through and including November 26, 2021.

    iv)  Order dated November 15, 2021 excluding the period between November 15, 2021 through and including January 14, 2022.

    v)  Order dated January 13, 2022, excluding the period between January 13, 2022 through and including April 13, 2022.

2)  The defendant requests this exclusion based on the following facts and circumstances:

  a)  Voluntary discovery has been provided.  Many additional devices were secured from the defendant and/or his residence during an April 2021 search warrant execution on this case. Analyses of  some of those seized devices has recently been completed and some of the devices contain child pornography. Defense counsel has recently viewed the results of those analyses.  Other devices are still pending analysis which the parties will need to review, as they are completed.

  b)  Further,  defense counsel is finalizing their discussions with the government about whether a pre-indictment resolution can be achieved in light of the additional child pornography located on other devices.  The defendant is considering a pre-indictment resolution, and, in fact, defense counsel submitted a possible proposal to the government this week.  In additional to finalizing whether a resolution is possible, if the parties come to a resolution, this stipulation will also allow time to effectively prepare for a resolution.

  c)  This exclusion is necessary to give the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

3)  The parties stipulate and agree that the ends of justice served by granting this extension outweigh the best interest of the public and the defendant in a speedy indictment and trial because the

delay is necessary in order to allow the defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence (see 18 U.S.C. § 3161(h)(7)(B)(iv)).

4)      The parties stipulate and agree that a period of sixty (60) days beginning on and including the date on which the Court signs the requested order shall be excludable under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) and (h)(7)(B)(iv).

The undersigned attorneys affirm under penalty of perjury the accuracy of the facts set forth above and apply for and consent to the proposed order set forth below.

Dated: April 11, 2022                                    CARLA B. FREEDMAN
                                                        United States Attorney


                                            By:     */s/ Kristen L. Grabowski*
                                                    Kristen L. Grabowski
                                                    Assistant United States Attorney
                                                    Bar Roll No. 700658


                                                    George Hildebrandt, Esq.
                                                    Attorney for RANDOLPH BULLOCK
                                                    Bar Roll No.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.    3:21-MJ-249 (TWD) |
| | ) | |
| **v.** | ) | |
| | ) | |
| **RANDOLPH BULLOCK** | ) | |
| | ) | |
| | ) | |
| **Defendant(s).** | ) | |

ORDER

A.      The Court incorporates into this Order the stipulated facts set forth above and hereby adopts them as findings.

B.      The Court has considered its obligation under 18 U.S.C. § 3161(h)(7)(A) to determine whether an extension of time within which the government must file an information or indictment serves the ends of justice in a manner that outweighs both the public interest and the defendant's rights.  The Court finds that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by granting the requested continuance outweigh the best interest of the public and the defendant in a speedy indictment and trial because this delay is necessary because defense counsel is finalizing their discussions with the government about whether a pre-indictment resolution can be achieved in light of the additional child pornography located in this case. Defense counsel submitted a possible proposal to the government this week.  If the parties come to a resolution, this stipulation will also allow time to effectively prepare for a resolution.  The failure to grant the continuance would "deny counsel for the defendant…the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. §3161(h)(7)(B)(iv).

BASED ON THE STIPULATED FACTS AND THE COURT'S RELATED FINDINGS IT IS HEREBY ORDERED that the time within which an indictment must be filed under the provisions of Title 18, United States Code, Section 3161(b), be enlarged to and including sixty (60) days from

the date of this Order, and that time be excluded pursuant to Title 18, United States Code, Section

3161(h)(7)(A), from the computation of the time within which an indictment must be filed under the

provisions of Title 18, United States Code, Section 3161(b), because the ends of justice served by

granting this continuance outweigh the best interest of the public and the defendant in a speedy trial

for the reasons stipulated above.

IT IS SO ORDERED.

Dated and entered this __12th__ day of April, 2022.

Thérèse Wiley Dancks
United States Magistrate Judge